CATHERINE W. JAGGER, Appellant, *v.* JAMES E. JAGGER, Respondent.

*Per Curiam.* The parties to this separation action were married on May 25, 1944. Both had previously been married and divorced. They separated about March 5, 1945, at which time they were living together in an apartment in the city of New York.

In substance, the plaintiff testified that on the date of separation the defendant packed his bags and left home despite the plaintiff's protestations. On the

other hand, the defendant stated that his departure was brought about as the result of repeated requests or demands on the plaintiff's part and that the latter had made it unpleasant for him to remain.

Apparently, the parties had been having their differences from very early in the marriage. However, the basis for such disagreements was not adequately explained. They had been temporarily separated on two occasions in less than a year of married life. The first occasion was in November, 1944, concerning which the plaintiff testified that this separation followed a conversation in which the defendant said that he no longer loved her and expressed a desire for a temporary separation. Despite the fact that the defendant failed to deny such conversation or the plaintiff's version thereof, the trial court found that the November separation was due to the plaintiff's leaving the defendant without forewarning. The parties were reunited in December, 1944, and once more separated for several weeks in January, 1945. They were again reunited some time in or about February, 1945, only to separate finally in March, 1945. The plaintiff testified that the defendant contributed nothing towards her support after November, 1944. The defendant likewise failed to deny or explain this charge and claimed merely that he had paid the rent of the apartment for some months.

The plaintiff continued to live in the same apartment for almost two years after the final separation. Though the parties communicated with each other in writing or through intermediaries and occasionally met at appointed places outside the home, the defendant apparently made no attempt to rejoin or visit the plaintiff at their former home.

On August 7, 1945, the plaintiff wrote to the defendant a letter containing a strong plea for reconciliation. The latter did not answer for almost a month, when he casually acknowledged its receipt at the close of a long letter in which he discussed the disposition of certain furniture in considerable detail. The defendant's only answer to his wife's plea was a suggestion for a talk or conference. The other written documents in the case are of little assistance in solving the puzzling dispute between the parties, inasmuch as they are equivocal and largely consist of requests for personal interviews. The parties did have one interview after separation in the presence of a clergyman. The testimony of this clergyman strongly supported the plaintiff's claim that the separation was contrary to her wishes.

While in a case of this kind we are reluctant to disturb the factual findings of a trial court that has had the advantage of seeing and hearing the witnesses, nevertheless we consider that the present record is such as to require a new trial of the issues so that the basis of the differences between the parties and the question of fault for the matrimonial rift may be more fully developed.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Cohn, Callahan and Shientag, JJ., concur; Peck, P. J., and Van Voorhis, J., dissent and vote to affirm.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.